678 N.W.2d 437 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Jamasa Z. DERRING, Defendant-Appellant.
Docket No. 120696, COA No. 224937.
Supreme Court of Michigan.
April 30, 2004.
By order of July 2, 2002, the application for leave to appeal was held in abeyance *438 pending the decision in People v. Katt, 468 Mich. 272, 662 N.W.2d 12, (Docket No. 120515) (2003). The opinion in People v. Katt was issued on May 30, 2003, 468 Mich. 272, 662 N.W.2d 12 (2003), and on March 10, 2004 the Court heard oral argument on the application for leave to appeal the November 2, 2001 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
YOUNG, J. concurs and states:
I concur in the order denying leave to appeal. I write separately to express my continuing fear as expressed in my dissenting statement in People v. Katt, 468 Mich. 272, 297-301, 662 N.W.2d 12 (2003) (Young, J., dissenting). Although the Katt majority assured that its construction of the catchall exception would not swallow the enumerated exceptions and that only evidence of equivalent trustworthiness would suffice, I was concerned that evidence that failed to fit one of the enumerated hearsay exceptions would nevertheless be admitted under the residual exception. I remain concerned that uncritical eyes will use the broadly defined catchall exception as a shorthand method to introduce evidence even when the evidence is admissible under an enumerated exception or when the evidence does not constitute hearsay at all.
In the case at bar, however, the prosecutor conceded that the evidence in question was governed by the hearsay rule and chose not to advance any alternative analysis.[1] In pretrial proceedings, the trial court became satisfied that a traditional exception did not apply; only then did it engage in a detailed analysis of the trustworthiness of the evidence before deciding that MRE 804(b)(6)[2] would allow admission.
Accordingly, I join in denying leave, but I continue to urge parties and trial judges to exercise vigilance to assure that our traditional evidentiary rules are not swallowed by end runs around our rules of evidence.
TAYLOR, J., joins in the statement of YOUNG, J.
NOTES
[1] It was arguable that the evidence had a mixed purpose, with both hearsay and nonhearsay uses.
[2] Renumbered in 2001 as MRE 804(b)(7).